**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD HALL**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ST. MORITZ SECURITY SERVICES, INC.**,<br>c/o CT Corporation System<br>600 N 2nd St., #401<br>Harrisburg, PA 17101<br><br>Defendant. | **CASE NO. 2:26-cv-104**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**COMPLAINT – COLLECTIVE ACTION** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Donald Hall ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective and Class Action Complaint against Defendant St. Moritz Security Services for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA") and Ohio law. 29 U.S.C. §§ 201, *et seq.*; and O.R.C. § 4111.03 ("Ohio Wage Act"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Wage Act claim is brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as

this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because the additional claims are part of the same case or controversy and share a common nucleus of operative fact with the FLSA claim.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District and Defendant is subject to personal jurisdiction in this District.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio.

5. Named Plaintiff was employed by Defendant from approximately September 2025 to January 2026.

6. Named Plaintiff was an hourly, non-exempt "employee" of Defendant, as defined in the FLSA and the Ohio Wage Act, and worked as a Security Supervisor assigned to Defendant's client's facility at Marietta Memorial Hospital in Athens, Ohio.

7. At all times relevant, Named Plaintiff primarily performed non-exempt duties, such as security guard services for Defendant's client, in furtherance of Defendant's business of providing security services to its clients.

8. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

9. Defendant is a domestic business corporation registered in Pennsylvania and authorized to do business in Ohio.

10. Defendant is engaged in the business of providing security services to its clients throughout the country.

11. Defendant employed Named Plaintiff and other similarly situated employees.

12. At all relevant times, Defendant has had direct or indirect control and exercised authority over Named Plaintiff and other similarly situated employees' working conditions.

13. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

14. At all relevant times, Defendant has had the authority to hire and fire Named Plaintiff and other similarly situated employees, supervise and control their work schedules and conditions, determine their rate and method of pay, and/or maintain their employee records.

15. Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17. Defendant was an "employer" of its employees at all its locations as defined herein, and/or for the purposes of the FLSA and the Ohio Wage Act.

18. At all relevant times, Defendant, as a corporation providing security services for clients, was an enterprise engaged in commerce or the production of goods for commerce within the meaning of the phrase as used in the FLSA.

19. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

20. At all relevant times, Defendant has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

## III. <u>FACTS</u>

22. Defendant employed Named Plaintiff and other similarly situated security employees as hourly, non-exempt employees.

23. Named Plaintiff and other similarly situated security employees worked more than forty (40) hours per workweek for Defendant.

24. Defendant does not pay its employees one-and-one-half times (1.5x) their regular rates of pay for all overtime hours worked as required by law.

25. During relevant times, Defendant generally permitted Named Plaintiff and other similarly situated security employees to clock in within six minutes before the scheduled start of their shifts.

26. Before the start of their scheduled shifts, Named Plaintiff and other similarly situated security employees conducted a pass-down briefing with the outgoing security employee

they were relieving.

27. The pass-down briefing consisted of the outgoing employee exchanging necessary and relevant information regarding work-related concerns, issues, or matters they encountered or became aware of, whether during or outside their prior shift, with the incoming security employee.

28. Conducting the pass-down briefing is necessarily tied to the security employees' work of providing security and maintaining safety for Defendant's clients. Moreover, it is integral and indispensable to the principal job activities of security employees.

29. Before the start of their scheduled shifts, Named Plaintiff and other similarly situated security employees also took inventory of the facility keys and obtained a radio to be used throughout their shift.

30. Once Named Plaintiff and other similarly situated security employees completed their pre-shift work, they began patrolling and/or otherwise responding to any emergency calls or situations.

31. Upon information and belief, Defendant maintains a rounding system whereby it generally rounds employees' time punches to the nearest quarter hour. Thus, Defendant's clock-in rule ensures that Named Plaintiff and similarly situated security employees are not paid for any work performed before the scheduled start of their shifts.

32. At the end of their shifts, Defendant required Named Plaintiff and other similarly situated security employees to conduct the pass-down briefing.

33. These pass-down briefings regularly extended beyond Named Plaintiff's and other similarly situated security employees' scheduled shift end time.

34. Defendant generally prohibited Named Plaintiff and other similarly situated security employees from clocking out more than six minutes after the scheduled end of their shifts.

35. As a result of Defendant's companywide rounding policy and/or practice of failing to pay Named Plaintiff and other similarly situated security employees overtime premium for all overtime hours worked, Defendant knew or should have known that it was not properly compensating Named Plaintiff and other similarly situated security employees for all hours worked.

36. Named Plaintiff and other similarly situated security employees did not receive all overtime pay they were entitled to receive in weeks when they worked 40 or more hours due to the practices and policies alleged above.

37. During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours.

38. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

39. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

40. Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated security employees.

41. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated security employees.

42. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

43. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt security employees at all its locations.

44. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated security employees for all hours worked.

45. Defendant is in possession and control of the necessary documents and information from which Named Plaintiff would be able to calculate damages, and/or Defendant otherwise failed to keep such records. Upon information and belief, Defendant applied the same pay practices and policies to all hourly, non-exempt security employees at its facilities, including Named Plaintiff, for the three years preceding the filing of this Complaint,

## A. FLSA COLLECTIVE ALLEGATIONS

46. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt security employees of Defendant who worked at least 40 hours in any workweek, beginning three years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

47. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

48. In addition to Named Plaintiff, the potential FLSA Collective Members have been denied proper overtime compensation due to the company-wide unlawful payroll policies and practices described herein. Defendant failed to meet the FLSA's requirements when it did not pay Named Plaintiff and the FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated security employees and is acting on behalf of their interests as well as his own in bringing this action.

49. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

50. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members the overtime wages they earned. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

**B. <u>RULE 23 CLASS ALLEGATIONS</u>**

51. Named Plaintiff brings his Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly, non-exempt security employees of Defendant who worked at least 40 hours in any workweek in Ohio, beginning two years prior to the filing**

**date of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

52. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members worked at least 40 hours per workweek, but they were not paid overtime premium for all hours worked in excess of 40 because of Defendant's policies and/or practices described herein.

53. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

54. Named Plaintiff is a member of the Ohio Rule 23 Class, and his claims for unpaid wages are typical of the claims of the Ohio Rule 23 Class.

55. Named Plaintiff will fairly and adequately represent the interests of the Ohio Rule 23 Class.

56. Named Plaintiff has no interest that is antagonistic to or in conflict with the interests of the Ohio Rule 23 Class that he has undertaken to represent.

57. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

58. Questions of law and fact are common to the Ohio Rule 23 Class.

59. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistency or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

60. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class.

61. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to available alternative methods for the fair and efficient adjudication of this litigation.

62. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to properly pay the Ohio Rule 23 Class for hours worked in excess of 40 per workweek; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class because of Defendant's violations of the Ohio Wage Act; and (d) what amount of liquidated damages and prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

63. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damage sustained by individual members is modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. This claim is brought as part of a collective action by Named Plaintiff on behalf of

himself and the FLSA Collective.

66. The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

67. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

68. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

69. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them for overtime premiums for all overtime hours worked over 40 hours in a workweek because of Defendant's policies and/or practices described herein.

70. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

71. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

72. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

73. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. This claim is brought under the Ohio Wage Act.

76. Named Plaintiff and the Ohio Rule 23 Class Members have been or remain employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

77. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

78. Named Plaintiff and the Ohio Rule 23 Class Members worked more than the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over 40 in a workweek.

79. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

80. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members violated the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

81. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees,

and all other remedies available on behalf of himself and the Ohio Rule 23 Class Members.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the FLSA Collective Members;

B. Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective Members;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act;

E. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

F. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

G. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Act;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class any such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*<u>/s/ Matthew J.P. Coffman</u>*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*<u>/s/ Matthew J.P. Coffman</u>*
Matthew J.P. Coffman